Law Library

**IN THE SUPERIOR COURT OF GUAM**

FILED COURT

| | |
|---|---|
| MARIA CECILIA TIU MALABANAN, | DOMESTIC CASE NO. DM0709-11 |
| Plaintiff, | 2013 AUG 30 PM 4: 49 |
| v. | **DECISION AND ORDER ON DEFENDANT'S OBJECTION TO AND REQUEST FOR DISQUALIFICATION OF JUDGE UNDER 7 GCA § 6105(a) AND § 6107** |
| BEN B. MALABANAN, JR., | |
| Defendant. | |

**INTRODUCTION**

This matter came before the Honorable Maria T. Cenzon on Defendant Ben B. Malabanan's ("Defendant") Objection and Request for Disqualification and Reassignment of Case ("Objection") filed on December 26, 2012. Defendant objects to the Honorable James L. Canto II (hereinafter "Judge Canto") continuing to preside over the above captioned case and requests the case be reassigned to another judge. Attorney Catherine Bejerana Camacho represents Defendant Malabanan and Attorney Jeffrey A. Cook represents Plaintiff Maria Cecilia Tiu Malabanan ("Plaintiff"). Both Judge Canto and Plaintiff oppose Defendant's Objection.

Having considered the relevant filings by Defendant, Plaintiff and Judge Canto; the applicable statutes and case law; and the relevant portions of the record, this Court issues the following written Decision and Order DENYING the Plaintiff's request to disqualify Judge Canto and reassign this case.

**BACKGROUND**

**1.      Relevant Procedural History.**

Plaintiff filed this divorce action against Defendant on October 10, 2011. On November 17, 2011, the parties reached a settlement for $4,000/month in temporary spousal support. On July 6, 2012, Judge Canto held a hearing on the Plaintiff's motion for modification of the

Decision and Order On Defendant's Objection to
and Request for Disqualification of Judge
Case No. DM0709-11

temporary spousal support and took the matter under advisement. On September 17, 2012, Judge Canto issued an order increasing the amount of temporary spousal support to $4,821/month. Defendant filed an interlocutory appeal of this order to the Supreme Court of Guam, which was accepted on December 13, 2012. Disposition of that appeal is currently pending.

Defendant filed this instant Verified Objection and Request for Disqualification and Reassignment of Case on December 26, 2012. Pursuant to 7 GCA § 6107, Judge Canto was personally served on December 28, 2012 and filed an Answer to Statement of Objection ("Answer") to the Objection on January 2, 2013.[1]

## 2. Relevant Factual History.

Defendant's Objection factually relies upon what transpired at two pretrial conferences which occurred on November 14, 2012 and December 11, 2012, respectively. The November pretrial conference was in preparation for a bench trial scheduled for November 28, 2012. After the November pretrial conference, the parties stipulated to vacate the November bench trial date and reschedule it for January 30, 2013, with a January 16, 2013 deadline for the filing of all pretrial materials.[2]

### A. November 14, 2012 Pretrial Conference.

Both Attorney Bejerana Camacho's Affidavit and Judge Canto's Answer agree that Judge Canto was concerned about two representations that Attorney Bejarana Camacho made in her petition for interlocutory appeal to the Supreme Court relating to the judge's management and

---

[1] Plaintiff also filed an Opposition to the Objection on January 4, 2013 and Defendant filed a Motion to Strike or, in the alternative, Reply to Plaintiff's Opposition on January 8, 2013. This Court took notice of these subsequent filings as part of the record before it and has reviewed them, although Defendant argues that Plaintiff's filing should be struck. Because the Court reaches its decision today without relying on either Plaintiff's Opposition or Defendant's Reply, it will not address the procedural issue of whether they were properly filed or are properly part of the record.

[2] This date was again changed to March 27, 2013 at the December 18, 2012 chamber conference.

Decision and Order On Defendant's Objection to
and Request for Disqualification of Judge
Case No. DM0709-11

disposition of the case. Specifically, she stated as follows: "[I]t took the trial court approximately three months just to issue a decision and order on Plaintiff's motion for modification that was filed in May and argued in June. Thus it would not be unreasonable to anticipate that the trial court could take double or triple the amount of time to render a final ruling on the parties' divorce after trial." V. Pet. for Interlocutory Appeal by Permission at 10 (October 24, 2013).

The record reflects that the pertinent motion was taken under advisement on July 6, 2012 and the decision and order was filed on September 17, 2012—the "under advisement" period totaled 73 days or 2 months and 11 days. Attorney Camacho Bejerana apologized for the mischaracterization and noted that she had said "approximately" in her petition. Judge Canto then inquired about her belief that a final ruling could take from six to nine months after the trial. Attorney Bejerana Camacho replied that this was based on her past experiences with other Superior Court judges. During that exchange, Judge Canto assured her that he is diligent with following the case age standards of Administrative Rule AR06-001.

As Attorney Bejerana Camacho's Affidavit further states, her client felt the need for an interlocutory appeal because once Judge Canto had issued his decision in September 2012, Defendant was already subject to approximately four months of arrears in the approximate amount of $3,200. Judge Canto purportedly stated that the Defendant did not appear to be concerned about the arrears because an order to show cause based upon the Defendant's failure to pay the arrears had already been filed.[3] Judge Canto then asked Attorney Bejerana Camacho why she had not advised Defendant to "bank" the requested increase once the Plaintiff had filed her motion for an upward modification, to which Attorney Bejerana Camacho replied that there

---

[3] Plaintiff had filed an Application for Order to Show Cause in re: Contempt on November 9, 2012 requesting $3,324 in temporary spousal support arrears.

had been no clear basis in the motion for what the potential increase could be. Attorney Bejerana Camacho then states that Judge Canto retorted, "You are under the assumption that your client will be ordered to stop paying spousal support, and that you are under the assumption that your client will win on appeal." Aff. at ¶ 10.

## B. December 11, 2012 Pretrial Conference

According to the Transcript of the December 11, 2012 Pre Trial Conference, filed on December 17, 2013, Judge Canto expressed concern that the trial date is already set late under the Administrative Rules, but would entertain a written motion for continuance for good cause on January 4, 2013. Thereupon, Attorney Bejerana Camacho raised the issue of a possible motion to compel discovery being brought by Plaintiff. After noting some difficulties with discovery, Attorney Cook requested that the court also entertain a motion to compel. Judge Canto granted the request and noted that under the scheduling order, the discovery cut-off date was July 30 and motion cut off was August 13 – months prior to the December 11 pretrial conference.

Judge Canto began to question both parties on the type of discovery requested by Plaintiff, Plaintiff's rationale in making the requests, and the reasons why Defendant had not or should not produce the requested discovery. From the bench, Judge Canto compelled the Defendant to produce his personal credit card statements and the bank statements and cash receipts book for the dental practice by close of business on December 18, 2012. Judge Canto, however, also invited the Defendant, through his attorney, to file a motion to reconsider with an

-4-

Decision and Order On Defendant's Objection to
and Request for Disqualification of Judge
Case No. DM0709-11

accompanying protective order, which he would entertain *ex parte* up to December 18, 2013, in order to stay enforcement of the motion to compel.[4]

## LAW AND ANALYSIS

Judicial disqualifications in Guam are governed by the substantive rules of 7 GCA § 6105 and the procedural rules of 7 GCA § 6107. The instant Objection and Answer are procedurally valid under § 6107 as the record indicates that Defendant filed his written Objection with the clerk on December 26, 2012 and personally served Judge Canto on December 28, 2012. Judge Canto filed his verified Answer on January 2, 2013. Thus, the formal requirements of a written objection, personally served upon the Judge and a verified answer filed within 10 days were met. *See* 7 GCA § 6107 and *Van Dox v. Superior Court of Guam*, 2008 Guam 7 ¶ 17.

Defendant in his Objection bases his claim for the disqualification of the Judge Canto solely upon 7 GCA § 6105(a), which provides that "[a]ny Judge shall disqualify himself or herself in any proceedings in which his or her impartiality might reasonably be questioned. . . ." Under Guam law, "what matters is not 'actual bias,' but 'the appearance of bias.'" *Van Dox* at ¶ 32 *citing Dizon v. Super. Ct.*, 1998 Guam 3 ¶ 8. In evaluating Defendant's claims, this Court assumes as true all evidence found in the record and in the Objection and attached Affidavits, even if uncorroborated by additional evidence. Thus, the unrecorded and "off the record" conversation between Defendant's counsel and Judge Canto on November 14, 2012 is taken at face value and evaluated for the "appearance of bias" under the statute and the standard set forth in *Dizon*. Such an inclusion serves to meet "the standard of a 'reasonable person' who knows all the facts, and understands the 'contexts of the jurisdictions, parties, and controversies

---

[4] During a December 18, 2012 chamber conference with the parties present, Judge Canto granted Defendant's *ex parte* motion to reconsider and retracted the order to compel made on December 11, 2012. Recording Log (Dec. 18, 2012) *see also* Order After Hearing (Jan 2, 2013).

Decision and Order On Defendant's Objection to
and Request for Disqualification of Judge
Case No. DM0709-11

involved....'" *Van Dox* at ¶ 32, *quoting Ada v. Gutierrez*, 2000 Guam 22 ¶¶ 12-13. However, the conversation will not be treated as dispositive in the manner which Defendant would have this Court believe since "[a] court should not hypothesize about what the reasonable person would believe only upon hearing the moving party's allegations. Instead, it should decide what the reasonable person would believe about a judge's partiality given all the relevant facts in the controversy." *Ada* at ¶ 12.

The uncontroverted portion of the November 14, 2012 hearing indicates that Judge Canto inquired into two specific time representations that Defendant's attorney made in his interlocutory appeal to the Supreme Court. Although it appears to Defendant that Judge Canto "delved into the substance of the petition that was filed," (Objection at 3 and Affidavit at ¶ 6), this Court disagrees. Judge Canto's questions did not intrude into the legal arguments Defendant made in his petition to the Supreme Court. Instead, these questions dealt with the factual representations of Judge Canto's case management and compliance with Administrative Rules as Defendant presented them in his verified petition. As these Administrative Rules are applicable to all Superior Court judges, this Court understands the necessity of proper case age and docket information.

Judge Canto's later comments regarding Defendant's lack of concern about paying the temporary spousal support, Attorney Bejerana Camacho's failure to advise her client to "bank" the ordered increase, and the seeming assumption that, upon appeal, the Defendant will be ordered to stop paying spousal support similarly do not rise to the level of "bias or prejudice against an attorney. . .so virulent as to amount to bias against the party." (*Van Dox* at ¶ 34, *citing United States v. Burt*, 765 F2d 1364, 1368 (9th Cir. 1985). This assessment is particularly true when such comments are based upon proceedings in the case itself: Judge Canto's order of

Decision and Order On Defendant's Objection to
and Request for Disqualification of Judge
Case No. DM0709-11

September 17, 2013 increased the amount of temporary spousal support and Plaintiff's Order to Show Cause requesting $3,324 in spousal support arrears had been filed the previous week. *See Van Dox* at ¶ 35 (citing *Whitehurst v. Wright*, 592 F2d 834, 838 (5th Cir. 1979)("disqualifying bias must normally stem from extrajudicial sources").

Defendant characterizes this "off the record" conversation which took place in front of opposing counsel as a "lengthy harangue." This Court does not agree. The exchange was limited to (1) a subject matter involving the case before Judge Canto, (2) factual representations about his case management practices which were asserted in a verified petition presented to the Supreme Court and (3) made in the presence of opposing counsel, ensuring that the conversation was not inappropriately *ex parte*. It is well settled that trial courts "are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders." *Aloe Vera of Am., Inc. v. United States*, 376 F3d 960, 964-65 (9th Cir. 2004 (per curiam)(*quoting F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001). Similarly, without some reasonable factual basis, this Court will not accept Defendant's suggestion that the nonexistence of audio or notes for this exchange is somehow nefarious or biased. (Objection at 12-13). Having assumed all facts in a light most favorable to the Defendant, who has filed the objection, this Court does not find either actual bias or an appearance of bias at the November 14, 2012 pretrial conference.

The appearance of bias claimed by Defendant at the December 11, 2011 pretrial conference is even more tenuous. A reading of the transcript by this Court clearly shows that adherence to the Administrative Rule AR06-001 case age standard is important to Judge Canto. This concern is elevated when the parties reveal the existence of discovery disputes which are likely to further delay a trial that is already scheduled for beyond the time imposed by AR06-

Decision and Order On Defendant's Objection to
and Request for Disqualification of Judge
Case No. DM0709-11

0001 standards. Judge Canto, without reference to extrajudicial factors, acted within the trial court's "mandate to effectuate, as far as possible, the speedy and orderly administration of justice." *United States v. Higgs*, 713 F2d 39, 44 n. 6 (3rd Cir. 1983). Realizing that discovery issues, which should have been resolved several months prior were still pending and Plaintiff was attempting to obtain discovery from Defendant, Judge Canto identified the outstanding items of discovery and sought to minimize any further delay of the trial date. The Court also finds it ironic that Attorney Bejerana Camacho expresses concern for a delay on the part of Judge Canto in issuing a final ruling on the parties' divorce matter when the potential delay of the trial can be directly attributed to Defendant's own delay in producing discovery material to the Plaintiff.

As much as Defendant believes his due process rights were violated by Judge Canto *sua sponte* issuing an order to compel discovery, the transcript reflects it is Defendant who first mentions an order to compel discovery. Transcript of Proceedings December 11, 2012 Pre Trial Conference at 3 (December 17, 2012). Furthermore, while hearing and granting the motion to compel, Judge Canto offered the Defendant an opportunity to file a motion to reconsider or an *ex parte* protective order up to the day discovery was due, thus affording Defendant a reasonable remedy under the shortened timeline. Finally, the record reflects that at a December 18, 2012 chamber conference, Defendant did indeed file an *ex parte* motion to reconsider and stay, both of which Judge Canto *granted*. Having been given the relief Defendant believes was denied at the December 11, 2012 pretrial conference, it is less plausible to maintain a claim of bias under the "reasonable person" standard outlined above–particularly as Defendant still fails to allege any extrajudicial basis for the appearance of such bias.

The Court notes that under Guam law "the recusal statutes should not be so broadly construed as to become presumptive or allow for judge shopping," (*Ada* at ¶ 15, *citing Dizon* at ¶

Decision and Order On Defendant's Objection to
and Request for Disqualification of Judge
Case No. DM0709-11

9), and a "judge's duty to hear a case and keep the wheels of justice turning is just as strong as his or her duty to remove himself or herself if a reasonable person would not believe in his or her impartiality." *Id.*, citing *In re Kansas Public Employees Retirement System*, 85 F.3d 1353, 1362 (8th Cir. 1996); *In re Allied Signal, Inc.*, 891 F.2d 968, 970 (1st Cir. 1989); *In re Matter of National Union Fire Ins. Co. of Pittsburgh*, 839 F.2d 1226, 1229 (7th Cir. 1988). Defendant states in his Objection that "in light of the Plaintiff's Counsel's Request to move the trial date to March instead of January, a reassignment of the case to another Judge should not affect the trial dates." Objection at 8. This statement ignores the reality that Judge Canto has overseen this particular case since its inception and has been close to conducting a bench trial on at least two occasions. In addition to examining the applicable statutes and case law, this Court is also mindful that, as in *Ada*, there are "valid reasons" that Judge Canto "hear this case and not just reasons to consider disqualifying himself." *Ada* at ¶ 15.

## CONCLUSION

For the reasons stated above, Defendant's Objection and Request for Disqualification and Reassignment of Case is DENIED.

It is **SO ORDERED** this 30th day of August, 2013.

**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam

-9-